**LAW OFFICES OF MARK WRAY**
Mark Wray
608 Lander Street
Reno, Nevada 89509
Telephone: 775.348.8877

**BERNSTEIN LIEBHARD LLP**
Sandy A. Liebhard
U. Seth Ottensoser
Joseph R. Seidman, Jr.
10 E. 40th Street
New York, NY 10016
Telephone: 212.779.1414

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FRANK J. FOSBRE, JR., On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br>vs.<br><br>LAS VEGAS SANDS CORPORATION, SHELDON ADELSON, and WILLIAM WEIDNER,<br><br>Defendants. | CASE NO.: 2:10-CV-00765-KJD<br><br>MEMORANDUM IN SUPPORT OF ALVARO ELIZONDO, JAMES LOWELL, WENDELL AND SHIRLEY COMBS, AND MADHURI PARMAR'S MOTON TO CONSOLIDATE RELATED CASES, BE APPOINTED AS LEAD PLAINTIFFS, AND FOR APPROVAL OF THEIR CHOICE OF COUNSEL |

32834v1

| | |
|---|---|
| SHIRLEY AND WENDELL COMBS, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SANDS CORPORATION, SHELDON ADELSON, and WILLIAM WEIDNER,<br><br>Defendants. | CASE NO.: 2:10-cv-01210-PMP-PAL |

32832v1

## PRELIMINARY STATEMENT

Presently pending before the Court are two related securities class action lawsuits (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased the common stock of Las Vegas Sands Corporation ("Las Vegas Sands" or the "Company") during the period of June 13, 2007 and November 11, 2008, inclusive (the "Class Period"). Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b), against Defendants Las Vegas Sands, Sheldon Adelson and William Weidner (the "Individual Defendants").

Class members Alvaro Elizondo, James Lowell, Wendell and Shirley Combs, and Madhuri Parmar ("Movants") hereby move this Court, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order: (a) consolidating the captioned actions for all purposes; (b) appointing Movants as lead plaintiffs in the Actions; and (c) approving Movants' choice of Bernstein Liebhard LLP ("Bernstein Liebhard") as lead counsel for the Class.

During the Class Period, Movants suffered total losses of approximately $1.03 million stemming from their investments in Las Vegas Sands. Movants believe that their losses represent the largest financial interest in the outcome of the litigation.

## STATEMENT OF FACTS

Plaintiffs allege that, throughout the Class Period, Defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, the complaints allege that Defendants failed to disclose that: (i) increasing competition in Macau was steadily eroding the Company's foothold in the region, which undermined Defendants' representations that everything was proceeding according to plan; (ii) the Company was facing a significant liquidity crisis as a result of its ongoing expenditure of capital in Macau and Singapore, which forced

10947v1

the Company to divert funds from other operations to develop its Asian properties; (iii) the Company could not, in fact, weather the economic downturn, because the credit markets were drying up and Sands had failed to timely access those markets; and (iv) increasing visitor restrictions in Macau, which Defendants represented would not impact the Company as significantly as its competitors (or otherwise publicly dismissed), were expected by Defendants to have just as devastating an effect on Sands.

On November 6, 2008, the Company's auditor, PricewaterhouseCoopers LLP ("PwC"), expressed doubt about the Company's ability to continue as a going concern, prompting PwC to issue a going concern qualification. In response, Sands common stock fell nearly 33%. On November 11, 2008, shares of Las Vegas Sands plummeted another 17% after it announced that it would suspend construction activity in Macau.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Casden v. HPL Techs., Inc.*, No. C-02-3510-VRW, 2003 U.S. Dist. LEXIS 19606, at *4-*5 (N.D. Cal. Sept. 29, 2003). Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999) ("It seems obvious that fifty-four separate class actions predicated on the same set of misstatements by corporate officials, causing an artificial inflation and then a corrective drop in share prices, present common questions of fact.").

The Actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each

30548v2                                                              2

alleges the same violations of the Exchange Act, and is based on the same wrongful course of conduct. Each names the Company and the Individual Defendants as Defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions.

Accordingly, consolidation under Rule 42(a) is appropriate.

### A. The Court Should Resolve The Consolidation Issue As A Prerequisite To The Determination Of Lead Plaintiff

Once the Court decides the consolidation motion, it must decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). As Movants have an interest in moving these actions forward, they respectfully urge the Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of fact and law presented by the related actions now pending in this District.

## II. THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFFS

### A. The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA requires the court to consider within 90 days all motions, filed within 60 days after publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.

30548v2                                     3

Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses that Defendants could raise against them. Therefore, Movants are entitled to the presumption that they are the most adequate lead plaintiffs to represent Plaintiffs and, as a result, should be appointed lead plaintiffs in the Actions.

### 1. Movants Are Willing To Serve As Class Representatives

On May 25, 2010, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Las Vegas Sands and the Individual Defendants, and which advised putative class members that they had until July 26, 2010 to file a motion to seek appointment as a lead plaintiff in the action.[1]

---

[1] *See* Declaration of Joseph R. Seidman, Jr. ("Seidman Decl.") Ex. C.

30548v2                                                     4

Movants have reviewed one of the complaints filed in the pending actions and have timely filed their motion pursuant to the Notice.  In doing so, Movants have attached their certifications attesting to their willingness to serve as representatives party of the Class and provide testimony at deposition and trial, if necessary.  *See* Seidman Decl. Ex. A.  Accordingly, Movants satisfy the first requirement to serve as lead plaintiffs.  Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 2. **Movants Are The Most Adequate Lead Plaintiffs**

Under the PSLRA, any member of the purported class may move for appointment as lead plaintiff within 60 days of the publication of notice that the action has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Subsequently, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Movants believe their $1.03 million loss constitutes the largest financial interest in the outcome of the Actions.  *See* Seidman Decl. Ex. B.  As such, Movants are the most adequate lead plaintiffs and should be appointed as lead plaintiffs.

30548v2

5

### 3. Movants Satisfy The Requirements Of Rule 23(a) Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA also state that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See Stocke v. Shuffle Master, Inc.* No. 2:07-CV-00715-KJD-RJ, 2007 WL 4262723, at *2-3 (D. Nev. Nov. 30, 2007); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004); *Ruland v. InfoSonics Corp.*, No. 06CV1231, 2006 WL 3746716, at *2 (S.D. Cal. Oct. 23, 2006).

Claims are "typical" under Rule 23 if they are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Ferrari*, 225 F.R.D. at 606 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). Likewise, Rule 23(a) also requires that the person(s) representing the class be able to "'fairly and adequately protect the interests' of all members in the class." *Ferrari*, 225 F.R.D. at 607 (citation omitted).

The claims asserted by Movants are typical of those of the Class. Movants, like the members of the Class, acquired shares of Las Vegas Sands during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. Thus, their claims are typical, if not identical, to those of the other members of the Class because Movants suffered losses similar to those of other Class members and their losses result from Defendants' common course of conduct. Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3).

Movants are also adequate representatives for the Class. There is no antagonism between their interests and those of the Class. Moreover, Movants have

retained counsel highly experienced in prosecuting securities class actions, and submit their choice to the Court for approval pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

### III. MOVANTS' CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v); Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected and retained Bernstein Liebhard as the proposed lead counsel for the Class. Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Seidman Decl. Ex. D for the firm resume of Bernstein Liebhard. As a result, the Court may be assured that by approving Bernstein Liebhard as lead counsel, the Class is receiving the best legal representation available. *See also* Ex. E (resume for proposed liaison counsel Law Offices of Mark Wray).

Bernstein Liebhard has frequently been appointed as lead counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. Indeed, Bernstein Liebhard was just appointed co-lead counsel in another securities class action in this District by Judge Edward C.

Reed, Jr. in *Szymborski v. Ormat Techns. Inc.*, 3:10-cv-00132-ECR-RAM (D. Nev.), on June 3, 2010. THE NATIONAL LAW JOURNAL has recognized Bernstein Liebhard for seven consecutive years as one of the top plaintiffs' firms in the country. Of the thirteen firms named to the list in 2007, Bernstein Liebhard is one of only two named six years in a row. Bernstein Liebhard has also been listed in THE LEGAL 500, a guide to the best commercial law firms in the United States, for the past three years.

Four of Bernstein Liebhard's recent outstanding successes include:

- *In re Marsh & McLennan Cos. Sec. Litig.*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) (settlement: $400 million);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (Judge Joel A. Pisano gave final approval to a U.S. settlement with a minimum cash value of $130 million. This settlement is in addition to a $350 million European settlement on behalf of a class of non-U.S. purchasers of Shell securities on non-U.S. exchanges, which the court-appointed lead plaintiffs and Bernstein Liebhard were, in the words of Judge Pisano, a "substantial factor" in bringing about);

- *In re Deutsche Telekom AG Securities Litigation*, No. 00-CV-9475 (SHS) (S.D.N.Y. 2005) (settlement: $120 million, representing 188% of the recognized losses); and

- *In re Cigna Corp. Securities Litigation*, No. 2:02CV8088 (E.D. Pa. 2007) (settlement: $93 million).

Further, Bernstein Liebhard partner Stanley Bernstein serves as Chairman of the Executive Committee in *Initial Public Offering Securities Litigation ("IPO")*, No. 21 MC 92 (SS) (S.D.N.Y. 2009), pending before Judge Shira Scheindlin. The *IPO* litigation is one of the biggest securities class actions ever prosecuted. On October 5, 2009, the Court granted final approval to a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) consolidate the captioned, and all subsequently-filed, related actions; (2) appoint Movants as lead plaintiffs for the Class in the Actions and all subsequently-filed, related actions; and (3) approve Bernstein Liebhard as lead counsel for the Class.

DATED: July 26, 2010         Respectfully submitted,

/s/ *Mark Wray*
_____
**LAW OFFICES OF MARK WRAY**
608 Lander Street
Reno, Nevada  89509
Telephone: 775.348.8877

**Liaison Counsel for Movants**

**BERNSTEIN LIEBHARD LLP**
Sandy A. Liebhard
U. Seth Ottensoser
Joseph R. Seidman, Jr.
10 E. 40th Street
New York, NY  10016
Telephone: 212.779.1414

**Counsel for Movants and Proposed Lead Counsel for the Class**

**CERTIFICATE OF SERVICE**

The undersigned employee of the Law Office of Mark Wray certifies that a true copy of the foregoing document was sealed in an envelope with first-class postage prepaid thereon and deposited in the U.S. Mail at Reno, Nevada on July 26, 2010 addressed to:

Oliver J. Pancheri
Santoro Driggs Walch Kearney Johnson & Thompson
400 S. Fourth Street, 3rd Floor
Third Floor
Las Vegas, NV 89101

David C. O'Mara
The O'Mara Law Firm, P.C.
311 E. Liberty Street
Reno, NV 89501

