THE O'MARA LAW FIRM, P.C.
WILLIAM M. O'MARA (Nevada Bar No. 837)
DAVID C. O'MARA (Nevada Bar No. 8599)
311 East Liberty Street
Reno, NV  89501
Telephone:  775/323-1321
775/323-4082 (fax)

[Proposed] Liaison Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK J. FOSBRE, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>     vs.<br><br>LAS VEGAS SANDS CORP., et al.,<br><br>             Defendants. | No. 2:10-cv-00765-KJD-LRL<br><br>CLASS ACTION |
| WENDELL AND SHIRLEY COMBS, On Behalf of Themselves and All Others Similarly Situated,<br><br>             Plaintiffs,<br><br>     vs.<br><br>LAS VEGAS SANDS CORP., et al.,<br><br>             Defendants. | No. 2:10-cv-01210-PMP-PAL<br><br>CLASS ACTION |

THE PENSION AND RETIREMENT GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

- i -

**TABLE OF CONTENTS**

        **Page**

I. INTRODUCTION ................................................................................................................2

II. SUMMARY OF THE ACTION........................................................................................3

III. ARGUMENT....................................................................................................................4

    A. The Pension and Retirement Group Should Be Appointed Lead Plaintiff ..............4

        1. The Pension and Retirement Group Has Timely Moved for Appointment as Lead Plaintiff .....................................................................5

        2. The Pension and Retirement Group Has the Requisite Financial Interest in the Relief Sought by the Class ......................................................6

        3. The Pension and Retirement Group Otherwise Satisfies Rule 23 ...............6

    B. The Pension and Retirement Group's Selection of Lead Counsel Should Be Approved ..................................................................................................................9

IV. CONCLUSION...............................................................................................................10

Pompano Beach Police & Firefighters' Retirement System ("Pompano Beach") and Alaska Electrical Pension Fund ("Alaska Electrical") (collectively, "Pension and Retirement Group" or "Movant") hereby moves this Court for an order: (1) consolidating the related cases pursuant to Federal Rule of Civil Procedure 42; (2) appointing the Pension and Retirement Group as lead plaintiff in the above-captioned actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; (3) approving lead plaintiff's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and the O'Mara Law Firm, P.C. ("O'Mara Law Firm") as liaison counsel; and (4) granting such other and further relief as the Court may deem just and proper.

This Motion is based on the grounds that the related actions involve common questions of law and fact. This Motion is also made on the grounds that the Pension and Retirement Group is entitled to the presumption that it is the "most adequate plaintiff" to serve as lead plaintiff pursuant to the Securities Exchange Act of 1934 ("the Exchange Act"). *See* 15 U.S.C. §78u-4(a)(3)(B). The Pension and Retirement Group possesses the largest financial interest of any member of the putative class of which it is aware. Additionally, it meets the requirements of Rule 23(a) of the Federal Rules of Civil Procedure because its claims are typical of the class members' claims and because it will fairly and adequately represent the class.

Further, the Pension and Retirement Group has selected and retained the law firm of Robbins Geller, a national law firm with extensive experience in prosecuting securities fraud actions, to serve as lead counsel. The Pension and Retirement Group thus seeks this Court's approval of its selection of Robbins Geller as lead counsel and the O'Mara Law Firm as liaison counsel, pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

- 1 -

This Motion is based upon the instant motion, the memorandum of points and authorities in support thereof, the declaration of Brian O. O'Mara, the pleadings and other files herein, and such other written or oral arguments as may be permitted by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Presently pending in this district are two related securities class action lawsuits (the "Related Actions") brought on behalf of persons who purchased or otherwise acquired the common stock of Las Vegas Sands Corp. ("Sands") between June 13, 2007 and November 11, 2008, inclusive (the "Class Period"), seeking to pursue remedies under the Exchange Act:[1]

| **CASE NAME** | **CASE NO.** | **DATE FILED** |
|---|---|---|
| *Fosbre v. Las Vegas Sands Corp., et al.* | 2:10-cv-00765-KJD-LRL | May 24, 2010 |
| *Combs v. Las Vegas Sands Corp., et al.* | 2:10-cv-01210-PMP-PAL | July 21, 2010 |

The Related Actions assert claims against Sands and certain of its officers, directors and/or insiders for violations of §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, as discussed below, the Related Actions should be consolidated because they each involve the same or similar issues of law and fact.

As soon as practicable thereafter, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P.

---

[1]   Any differences in the class periods alleged in the Related Actions can be remedied upon the filing of a consolidated complaint.

23.[2]  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Here, the Pension and Retirement Group should be appointed lead plaintiff because it: (1) timely filed its motion; (2) to its knowledge, has the largest financial interest in this litigation; and (3) will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* §III.A., *infra*.

## II.  SUMMARY OF THE ACTION

Sands and its subsidiaries own and operate resort and gaming properties in Las Vegas, Macau and Singapore.  Before the start of the Class Period, these properties included The Venetian Resort Hotel Casino and The Sands Expo and Convention Center in Las Vegas, and The Sands Macao Casino.  At that time, the Company was in the process of developing additional properties in Las Vegas and Macau, including The Palazzo Resort Hotel Casino in Las Vegas and The Venetian Macao Resort Hotel Casino and other casino resort properties on the Cotai Strip in Macau.

Throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects.  Specifically, defendants failed to disclose that: (i) increasing competition in Macau was steadily eroding the Company's foothold in the region, which undermined defendants' representations that everything was proceeding according to plan; (ii) the Company was facing a significant liquidity crisis as a result of its ongoing expenditure of capital in Macau and Singapore, which forced the Company to divert funds from other operations to develop its Asian properties; (iii) the Company could not, in fact, weather the

---

[2]  In addition, Congress's purpose in enacting the PSLRA was to encourage institutional investors, like the Pension and Retirement Group, to play a more prominent role in securities class actions.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

economic downturn, because the credit markets were drying up and Sands had failed to timely access those markets; and (iv) increasing visitor restrictions in Macau, which defendants represented would not impact the Company as significantly as its competitors (or otherwise publicly dismissed), were expected by defendants to have just as devastating an effect on Sands.

On November 6, 2008, the Company's auditor, PricewaterhouseCoopers LLP ("PwC"), expressed doubt about the Company's ability to continue as a going concern, prompting PwC to issue a going concern qualification which alerted shareholders to the true extent of the Company's perilous condition. In response, the trading price of Sands common stock plummeted nearly 33%.

Then, on November 10, 2008, Sands announced its third quarter 2008 financial results, in which the Company disclosed that it was significantly cutting back and suspending ongoing development projects, delaying plans to build additional hotel properties in Macau, and reducing capital expenditures by $1.8 billion. The next day, November 11, 2008, after announcing the suspension of construction activity in Macau, shares of Sands plummeted an additional 17%.

### III.   ARGUMENT

#### A.   The Pension and Retirement Group Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in actions arising under the Exchange Act that are brought as a plaintiff class action. *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, in connection with the filing of the first-filed action, notice was published on *Business Wire* on May 25, 2010. *See* Declaration of Brian O. O'Mara in Support of the Pension and Retirement Group's Motion for

- 4 -

Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Counsel ("O'Mara Decl."), Ex. C.  Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A)(i)(II), (B)(i).

Second, the PSLRA provides that within 90 days after publication of the notice courts shall consider any motion timely made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### 1. The Pension and Retirement Group Has Timely Moved for Appointment as Lead Plaintiff

The time period in which class a member may move to be appointed lead plaintiff in this case, pursuant to 15 U.S.C. §78u-4(a)(3)(A)-(B), expires July 26, 2010.  *See generally* Fed. R. Civ. P. 6.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Pension and Retirement Group has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.  The members of the Pension and Retirement Group have also duly executed and filed certifications stating their willingness to serve as representative

- 5 -

parties on behalf of the class. *See* O'Mara Decl., Ex. A. In addition, the Pension and Retirement Group has selected and retained counsel experienced in the prosecution of securities class actions to represent it and the class. *See id.*, Ex. D. Accordingly, the Pension and Retirement Group satisfies the filing requirements of the PSLRA, and is entitled to have its application for appointment as lead plaintiff considered by the Court. *See Cavanaugh*, 306 F.3d at 730.

### 2. The Pension and Retirement Group Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension and Retirement Group suffered losses of over $4.4 million in connection with its purchases of Sands securities. O'Mara Decl., Ex. A. Upon information and belief, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff with a larger financial interest. *See Cavanaugh*, 306 F.3d at 732.

### 3. The Pension and Retirement Group Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. *See Cavanaugh*, 306 F.3d at 730-32. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy

prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See id.*

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. *See* Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *Id.* Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See id.* The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

The Pension and Retirement Group satisfies the typicality requirement of Rule 23 because, just like all other class members, it purchased Sands securities during the Class Period at artificially inflated prices and suffered damages thereby. Thus, the Pension and Retirement Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Cavanaugh*, 306 F.3d at 732-33.

Here, the Pension and Retirement Group is an adequate class representative because its interest in aggressively pursuing the claims against defendants are clearly aligned with the interests

- 7 -

of the members of the class, who similarly suffered losses because of defendants' false statements to the market.  The members of the Pension and Retirement Group are also familiar with the obligations and fiduciary responsibilities owed to a class, and have experience working together as fiduciaries for a class of injured shareholders.  *See, e.g., In re Krispy Kreme Doughnuts, Inc., Sec. Litig.*, Case No. 1:04-cv-00416 (M.D.N.C.) (serving together as lead plaintiff, Pompano Beach and Alaska Electrical recovered $75 million for a class of injured Krispy Kreme shareholders).

Prior to filing this Motion, the Pension and Retirement Group's representatives conferred with one another, both with and outside the presence of chosen counsel, and decided to seek appointment as lead plaintiff jointly. *See* O'Mara Decl., Ex. B, ¶9.  As institutional investors with prior experience serving as fiduciaries, the Pension and Retirement Group believes that its combined knowledge, experience, sophistication and resources will enable the Pension and Retirement Group to adequately represent the class's interests.  *Id.*, ¶¶6-9.  Indeed, the Pension and Retirement Group is precisely the type of movant whose participation in securities class actions Congress sought to encourage through the passage of the PSLRA.  As the Third Circuit has recognized: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690)).

Additionally, there is no evidence of antagonism or conflict between the Pension and Retirement Group and the class.  The Pension and Retirement Group's substantial loss further demonstrates that it has a sufficient interest in the outcome of the case to ensure zealous advocacy on behalf of the class.  *See* O'Mara Decl., Ex. B, ¶¶8-9.  Moreover, as explained below, the Pension and

Retirement Group's proposed lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Thus, the Pension and Retirement Group *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### B. The Pension and Retirement Group's Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in lead plaintiffs to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Thus, the Court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also* H.R. Conf. Rep. No. 104-369, at 19 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 698.

Here, the Pension and Retirement Group has selected Robbins Geller to serve as lead counsel and the O'Mara Law Firm to serve as liaison counsel, subject to this Court's approval. Robbins Geller is a 180-lawyer firm that is actively engaged in complex litigation, emphasizing securities, consumer and antitrust class actions. Robbins Geller possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). Indeed, in approving the lead plaintiff's choice of Robbins Geller's lawyers as lead counsel in *Enron*, the Honorable Melinda Harmon found that its submissions stood out "in the breadth and depth of its research and insight." *Id*. at 458. Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Thus, the Court can

be assured that by approving the Pension and Retirement Group's choice of Robbins Geller as lead counsel and the O'Mara Law Firm as liaison counsel, the class will receive the highest caliber of representation. *See* O'Mara Decl., Ex. D.

## IV. CONCLUSION

For the foregoing reasons, the Pension and Retirement Group respectfully requests that this Court (1) consolidate the Related Actions; (2) appoint it as Lead Plaintiff; and (3) approve its selection of Robbins Geller as Lead Counsel and the O'Mara Law Firm as Liaison Counsel.

DATED: July 26, 2010

ROBBINS GELLER RUDMAN
 & DOWD LLP
SPENCER A. BURKHOLZ
STEVEN W. PEPICH
BRIAN O. O'MARA (Nevada Bar #8214)


s/ BRIAN O. O'MARA
BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

THE O'MARA LAW FIRM, P.C.
WILLIAM M. O'MARA (Nevada Bar No. 837)
DAVID C. O'MARA (Nevada Bar No. 8599)
311 East Liberty Street
Reno, NV  89501
Telephone:  775/323-1321
775/323-4082 (fax)

[Proposed] Liaison Counsel

- 11 -

                                                SUGARMAN & SUSSKIND
                                                ROBERT SUGARMAN
                                                100 Miracle Mile, Suite 300
                                                Coral Gables, FL  33134
                                                Telephone:  305/529-2801
                                                305/447-8115 (fax)

                                                Additional Counsel for Plaintiff

573321_1

CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

| | |
|---|---|
| U. Seth Ottensoser | Alfred G. Yates, Jr. |
| Joseph R. Seidman, Jr. | Law Offices of Alfred G. Yates, Jr., P.C. |
| Bernstein Liebhard LLP | 519 Allegheny Building |
| 10 East 40th Street | 429 Forbes Avenue |
| New York, NY  10016 | Pittsburgh, PA  15219 |
| | |
| Mark Wray; | Robert Sugarman |
| Law Offices of Mark Wray | Sugarman & Susskind |
| 608 Lander Street | 100 Miracle Mile, Suite 300 |
| Reno, NV  89509 | Coral Gables, FL  33134 |

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 26, 2010.

s/ BRIAN O. O'MARA
BRIAN O. O'MARA

ROBBINS GELLER RUDMAN
      & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: bomara@rgrdlaw.com

573321_1

# Mailing Information for a Case 2:10-cv-00765-KJD-LRL

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David C OMara**
  david@omaralaw.net,val@omaralaw.net

- **Oliver J Pancheri**
  OPancheri@nevadafirm.com,rjenkins@nevadafirm.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)