NICHOLAS J. SANTORO, ESQ. (NBN 532)
OLIVER PANCHERI, ESQ. (NBN 7476)
DONNA M. WITTIG, ESQ. (NBN 11015)
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:   702/791-0308

WALTER C. CARLSON
(admitted pro hac vice)
COURTNEY A. ROSEN
(admitted pro hac vice)
MEREDITH JENKINS LAVAL
(admitted pro hac vice)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
Telephone:   312/853-7000

*Attorneys for Defendants Las Vegas*
*Sands Corp. and Sheldon G. Adelson*

[additional parties and attorneys listed in signature block]

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK J. FOSBRE, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS SANDS CORP., et al.,<br><br>　　　　　　　　Defendants. | No. 2:10-cv-00765-KJD-GWF<br>**(Consolidated)**<br><br>CLASS ACTION<br><br><br>~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER |

**STIPULATED PROTECTIVE ORDER**

Subject to the approval of this Court, and pursuant to Federal Rule of Civil Procedure 26(c), plaintiffs and defendants Las Vegas Sands Corp. ("LVS"), Sheldon G. Adelson and William P. Weidner, through their counsel of record, hereby stipulate and agree as follows:

1.      This Stipulated Protective Order ("Protective Order") governs the treatment of all documents, depositions, deposition exhibits, interrogatory answers, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively "Discovery Material") produced by any party or non-party ("Producing Party") in the above-captioned matter ("Action").

2.      Any Producing Party may designate as "Confidential" any Discovery Material that it believes in good faith contains legally protectable personal information; non-public research, development, or commercial information; or information, the disclosure of which could be potentially be prejudicial to the business or operations of such party in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.  All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.

3.      Any Producing Party may designate any Discovery Material as "Highly Confidential" provided that it believes in good faith that the information is among that considered to be highly sensitive by the party, including, but not limited to trade secret or other confidential research, development, financial, or other commercial information.  All Discovery Material so designated shall be referred to in this Protective Order as "Highly Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.

4.      If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection, that Producing Party shall notify all other parties that it is withdrawing the designation.

5. All Confidential Discovery Material in the form of physical objects or documents shall be designated by stamping or affixing, in an unobtrusive manner, the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" on the face of the document and on each page or portion thereof so designated, or "HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL" on the face of the document and on each page or portion thereof so designated.  Any such designation shall subject the document, its contents, or any portion thereof, to this Protective Order without any further act on the part of the Producing Party.

6. Confidential Discovery Material may be disclosed or made available without written consent from the Producing Party *only* to the following persons:

(a) The named parties to this litigation, including Lead Plaintiffs and Class Representatives, *provided that* such person(s) execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A (the "Undertaking") prior to disclosure, and a copy of such signed Undertaking is retained by counsel for the party;

(b) Counsel of record for the parties to this litigation who have executed this agreement, including attorneys, paraprofessionals, and employees of such law firms;

(c) Experts or consultants retained to assist counsel for the parties described in subparagraph 6(a), *provided that* any such experts or consultants execute the Undertaking prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s);

(d) Employees, officers, and directors of each party to the extent that such person(s) are assisting in the prosecution or defense of the Action, provided that such person(s) execute the Undertaking prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party;

(e) Any witness deposed in this Action, who shall be provided prior to or at the outset of his, hers, or its deposition with a copy of this Protective Order and such person, on the record at the deposition, shall agree to be bound by the terms of this Protective Order by virtue of an Order of the Court;

(f) The author or recipient of the document(s), any person who is referenced in the document, or the original source of the information;

(g) Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

(h) The Court, the Court's personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper; and

(i) Any person or entity whom counsel for all parties agree in writing should have access to such materials and who agrees to be bound by the terms of this Order.

7. Highly Confidential Discovery Material may be disclosed or made available in whole or in part *only* to the following persons:

(a) One representative of each Lead Plaintiff and Class Representative, provided that each such person executes the Undertaking prior to disclosure and a copy of each such signed Undertaking is retained by counsel for the party;

(b)     Counsel of record for the parties to this litigation who have executed this agreement, including attorneys, paraprofessionals, and employees of such law firms;

(c)     Any person indicated on the face of a document to be the author, addressee, or an actual recipient of the document, or who is referenced in the document;

(d)     Experts or consultants retained to assist counsel for the parties described in subparagraph 7(b), ***provided that*** (i) any such experts or consultants execute the Undertaking prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s), and (ii) that the additional procedures set forth in paragraph 8 have been followed;

(e)     Any witness deposed in this Action when Highly Confidential Discovery Material is specifically relevant or specifically foundational to that witness, who shall be provided prior to or at the outset of his, hers, or its deposition with a copy of this Protective Order and such person, on the record at the deposition, shall agree to be bound by the terms of this Protective Order by virtue of an Order of the Court;

(f)     The Court, persons employed by the Court, and court reporters transcribing any hearing, trial or deposition in this Action or any appeal therefrom; and

(g)     Any other person only upon (i) order of the Court entered upon notice to the parties or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed that such Producing Party consents to such disclosure.

8.     No disclosure of Discovery Material designated as "Highly Confidential" shall be made to any expert or consultant who is, or whose immediate family member, business, or company is, currently engaged by a competitor of defendant LVS.  During such time as this case

5

is in existence, any expert or consultant to whom Discovery Material designated as "Highly Confidential" is disclosed shall not consult or work for any competitors of defendant LVS. Prior to its production of Discovery Material designated as "Highly Confidential," LVS will submit a list of its competitors to the Receiving Party. If the Receiving Party intends to disclose any such Discovery Material to any person who is employed or engaged by one or more of the competitors set forth on the list (i.e. "Restricted Expert"), then the Receiving Party must notify LVS's counsel of such intent in writing and identify the proposed Restricted Expert and LVS competitor(s), along with a description of the employment or engagement by the competitor, and the Restricted Expert's current resume, so that LVS's counsel has information to evaluate whether to object to the Restricted Expert receiving Highly Confidential information. Any objections by LVS to the Restricted Expert receiving such information must be made in writing within ten (10) days following receipt of the identification of the Restricted Expert. Discovery Material designated as Highly Confidential may be disclosed to the Restricted Expert if the ten (10) day period has passed and no objection has been made. Disagreements arising under this paragraph shall be governed in the following manner:

  (a) Upon written notification that a party objects to a Restricted Expert receiving "Highly Confidential" information, counsel for the objecting party and the Receiving Party will confer in a good faith effort to resolve the dispute without Court intervention;

  (b) If the dispute is not resolved within 15 days of the Receiving Party's receipt of the objecting party's written notification, the objecting party may invoke the Court rules and procedures for raising discovery disputes.

      (c)    Until such time as any such judicial process has been initiated and resolved, the Receiving Party cannot disclose Highly Confidential Discovery Material to the Restricted Expert.

      9.    Confidential Discovery Material and Highly Confidential Discovery Material shall be used only for the prosecution or defense of this Action, and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Court Orders, or with the prior written consent of the Producing Party with respect to specifically identified Confidential Discovery Material or Highly Confidential Discovery Material.

      10.    The inadvertent or unintentional failure to stamp a document, or a portion thereof, with the "Confidential" or "Highly Confidential" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party notifies the receiving party, in writing, immediately after becoming aware that the Confidential or Highly Confidential Information was not properly designated.  Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential or Highly Confidential Information and shall promptly provide a replacement copy of such material with the appropriate "Confidential" or "Highly Confidential" designation thereupon.  Treatment of inadvertently or unintentionally produced confidential material in a manner inconsistent with this Protective Order prior to notice of such inadvertent or unintentional production is not a breach of this Protective Order.  The parties hereby retain all rights to contest whether the failure to designate a document, or a portion thereof, with the "Confidential" or "Highly Confidential" designation was in fact "inadvertent" or "unintentional."

11. The inadvertent or unintentional production of any Discovery Material shall not serve to waive any claim that such Discovery Material is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity for withholding production either in the this litigation, or pursuant to Federal Rule of Evidence 502(d), in any other Federal or State proceeding. Similarly, the inadvertent or unintentional production of any such Discovery Material shall not waive the Producing Party's right to have that Discovery Material returned. In the event that a Producing Party believes in good faith that a document subject to immunity from discovery on the basis of attorney-client privilege, work product or other valid basis has been produced inadvertently or unintentionally, counsel shall notify all parties within 10 business days after so learning or discovering that such production has been made. Upon written notice by the Producing Party of an inadvertent or unintentional production of Discovery Material containing such information, each receiving party shall make no further use of the Discovery Material until further order of the Court, and shall have 21 days to return the Discovery Material and all copies thereof to the Producing Party and destroy all records of the contents of such Discovery Material. If a receiving party disclosed the inadvertently or unintentionally produced Discovery Material to a third party prior to receiving notice of a claim of privilege or other inadvertent or unintentional production by the Producing Party, that receiving party must take reasonable steps to retrieve the information promptly. Within 21 days after it reasonably appears that good faith efforts to resolve any objections to the Producing Party's claim of privilege or other inadvertent or unintentional production are not successful in resolving the dispute, either party may move for an order on the status of the Discovery Material. Nothing in this Protective Order shall alter or waive the standards and burden applicable to any motion concerning privilege or waiver of privilege. Any copy of such

Discovery Material submitted to the Court in connection with the motion shall be filed under seal in accordance with the terms of this Protective Order.

12. A Producing Party may, on the record of a deposition, or within 10 business days after receipt of the transcript(s) of such deposition, designate in good faith any portion or portions of such transcript(s), including exhibits, videotape or any other record of the deposition, as Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Protective Order. Until the above-referenced 10 day period expires, the complete deposition transcript and videotape shall be treated as Highly Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the Producing Party. All copies of deposition transcripts that contain information or material designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be prominently marked "Confidential" or "Highly Confidential" on the cover thereof and on each page that contains Confidential Discovery Material or Highly Confidential Discovery Material and, if filed with the Court, the portions of such transcripts so designated shall be filed in accordance with the provisions of Paragraphs 13 and 14 *(infra).*

13. Any party seeking to file Confidential Discovery Material or Highly Confidential Discovery Material with the Court in connection with a non-dispositive motion must file the material under seal in accordance with LR 10-5. After entry of this Protective Order by the Court, a party seeking to file Confidential Discovery Material or Highly Confidential Discovery Material under seal may do so by indicating during filing that such material is being filed under seal pursuant to a prior court order (*i.e.*, this Protective Order). Should Confidential Discovery Material or Highly Confidential Discovery Material be included in papers filed with or otherwise

disclosed to the Court, such papers shall be labeled on the cover and on each page of Confidential Discovery Material or Highly Confidential Discovery Material:

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER;**

**FILED UNDER SEAL PURSUANT TO COURT ORDER DATED [date of entry of this Protective Order]**

**[CONFIDENTIAL or HIGHLY CONFIDENTIAL]**

and, unless otherwise agreed by counsel or directed by the Court, shall be filed in a sealed envelope and kept under seal and not disclosed to any person unless ordered by the Court in the Action.

14. No discovery that has been designated "Confidential" or "Highly Confidential" under this Protective Order may be filed under seal with the Court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the Court, on separate motion, grants leave to file or submit into evidence such documents under seal.

When a Receiving Party intends to file a dispositive motion with the Court that attaches (or that otherwise discloses, use or is based on) "Confidential" or "Highly Confidential" Discovery Material and any other material of any nature that has been designated "Confidential" or "Highly Confidential" pursuant to the provisions of this Protective Order, the Receiving Party shall, in lieu of such filing, serve such motion on the Producing Party. Service on the Producing Party pursuant to this paragraph shall satisfy any deadlines the Receiving Party may face with respect to the filing of such motion. If, after the passage of ten (10) Court days following service of a dispositive motion on the Producing Party, the Producing Party has not moved to file such motion – or portions of such motion – under seal pursuant to the applicable Local Rules, the Receiving Party shall file such motion with the Court. In the event the Producing Party moves to

file such motion – or portions of such motion – under seal, such motion shall not be filed with the Court until the Court rules on the propriety of filing such motion under seal.

15. In the event that a party intends to offer Confidential Discovery Material or Highly Confidential Discovery Material into evidence at trial or at any court hearing, that party shall give 5 business days advance notice of its intention to present any such materials in open court and shall specify the materials it intends to present. The Producing Party may apply for an order that evidence be received *in camera* or under other circumstances to prevent unnecessary disclosure.

16. Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material or Highly Confidential Discovery Material in any way it sees fit. Any such use or discussion of Confidential Discovery Material or Highly Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order.

17. This Protective Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Protective Order imply that Discovery Material designated as confidential under the terms of this Protective Order is properly discoverable, relevant or admissible in this Action or in any other litigation. Discovery Material produced in this Action can only be used in conjunction with this Action. Nothing in this Protective Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity.

18. The following procedures shall apply to any issues or disputes arising from the designation of Discovery Materials as Confidential or Highly Confidential pursuant to this Protective Order:

(a) If a party in good faith disagrees with the Producing Party's designation, that party shall inform counsel for the Producing Party in writing of that disagreement no later than 30 days prior to the filing of the final pretrial order.

(b) Upon written notification that a party disagrees with a designation, counsel for the objecting party and the Producing Party will confer in a good faith effort to resolve the dispute without Court intervention;

(c) If the dispute is not resolved within 15 days of the Producing Party's receipt of the objecting party's written notification, the objecting party may invoke the Court rules and procedures for raising discovery disputes. The Producing Party shall bear the burden of proving that information has properly been designated as Confidential Discovery Material or Highly Confidential Discovery Material; and

(d) Until such time as any such judicial process has been initiated and resolved, all parties receiving Confidential Discovery Material or Highly Confidential Discovery Material shall abide by the designation.

19. Each document, material, or other thing, or portion thereof designated as Confidential or Highly Confidential shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the parties agree to the contrary or the Court renders a decision that a particular document, material, or other thing, or portion thereof is not subject to this Protective Order, and any and all proceedings or interlocutory appeals challenging

such decision have been concluded. The provisions of this Protective Order survive the termination of this matter.

20. Except as otherwise agreed in writing by the parties, within 90 days after the entry of a final judgment (including resolution of appeals or petitions for review), all Confidential Discovery Material and Highly Confidential Discovery Material supplied by a Producing Party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall, at the possessing party's choice, be returned to the Producing Party, or the possessing party's counsel shall certify to the Producing Party that all such materials have been destroyed. Counsel for the parties may, however, retain court papers, deposition, hearing and trial transcripts and attorney work product (including Confidential Discovery Material or Highly Confidential Discovery Material that is referred to or attached to any attorney work product), but any such material shall remain subject to this Protective Order. This Protective Order shall survive the final termination of this Action with respect to any such Confidential Discovery Material or Highly Confidential Discovery Material.

21. Within 60 days after this case is finally terminated, any Producing Party may obtain the return of any previously-sealed or previously-restricted documents filed with the Clerk of Court by moving the Court for the return of such documents. Any documents that are not so withdrawn will become part of the public case file.

22. Any party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an Order amending, modifying or vacating the provisions of this Protective Order, except for the provisions contained in Paragraphs 9, 13, 14, 19 and 21 *(supra)*. Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court Order providing additional confidentiality or other

protections to any Confidential Discovery Material or Highly Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

    23.    This stipulation may be signed by the parties in counterpart.

DATED: January 10, 2012            Respectfully submitted,

THE O'MARA LAW FIRM, P.C.
WILLIAM M. O'MARA (Nevada Bar No. 837)
DAVID C. O'MARA (Nevada Bar No. 8599)

/s/ Eric I. Niehaus

311 East Liberty Street
Reno, NV 89501
Telephone: 775/323-1321
775/323-4082 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ
STEVEN W. PEPICH
ERIC I. NIEHAUS
CHRISTOPHER D. STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiff

SUGARMAN & SUSSKIND
ROBERT SUGARMAN
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Telephone: 305/529-2801
305/447-8115 (fax)

Additional Counsel for Plaintiff

14

DATED:  January 10, 2012                SIDLEY AUSTIN LLP
                                        WALTER C. CARLSON
                                        COURTNEY A. ROSEN
                                        MEREDITH JENKINS LAVAL


                                        /s/ Courtney A. Rosen_____

                                        1 South Dearborn
                                        Chicago, IL 60603
                                        Telephone:  312/853-7000

                                        SANTORO, DRIGGS, WALCH,
                                        KEARNEY, HOLLEY & THOMPSON
                                        NICHOLAS J. SANTORO
                                        Nevada Bar No. 532
                                        OLIVER PANCHERI
                                        Nevada Bar No. 7476
                                        400 South Fourth Street, Third Floor
                                        Las Vegas, NV  89101
                                        Telephone:  702/791-0308

                                        Attorneys for Defendants Las Vegas Sands Corp.
                                        and Sheldon G. Adelson


DATED:  January 10, 2012                PAUL HASTINGS LLP
                                        WILLIAM F. SULLIVAN
                                        D. SCOTT CARLTON


                                        /s/ D. Scott Carlton_____

                                        515 South Flower Street,
                                        Twenty-Fifth Floor
                                        Los Angeles, CA  90071
                                        Telephone:  213/683-6000

BROWNSTEIN HYATT FARBER SCHRECK, LLP
TAMARA BEATTY PETERSON, ESQ.
Nevada Bar No. 5218
ANTHONY JOHN DIRAIMONDO, ESQ.
Nevada Bar No. 10875
100 North City Parkway, Suite 1600
Las Vegas, Nevada  89106
Telephone:  702/7464-7046


Attorneys for Defendant William P. Weidner




IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: __January 11, 2012_____

APPENDIX A

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK J. FOSBRE, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>vs.<br><br>LAS VEGAS SANDS CORP., et al.,<br><br>           Defendants. | No. 2:10-cv-00765-KJD-GWF<br>**(Consolidated)**<br><br>CLASS ACTION |

[PROPOSED] STIPULATED PROTECTIVE ORDER

The undersigned hereby certified that he/she has received a copy of the Stipulated Protective Order (the "Protective Order") in the above-captioned case, that he/she has read the Protective Order and agrees to be bound by all of the provisions thereof, and agrees to submit to the jurisdiction of the United States District Court for the District of Nevada for the enforcement thereof.

Dated: _____       Name: _____

                                                         Signed: _____

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2012, I authorized the electronic filing of the foregoing STIPULATED PROTECIVE ORDER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the addresses denoted on the attached Electronic Mail Notice List and deposited for mailing in the U.S. Mail a true and correct copy of the foregoing postage prepaid and addressed to:

Robert Sugarman, Esq.
SUGARMAN & SUSSKIND
100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Telephone: 303/529-2801

*Additional Counsel for Plaintiffs*

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 10, 2012.

/s/ Courtney A. Rosen
SIDLEY AUSTIN LLP
1 South Dearborn
Chicago, IL 60603
Telephone:  312/853-7000

# Mailing Information for a Case 2:10-cv-00765-KJD -GWF

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Walter C. Carlson**
  wcarlson@sidley.com,efilingnotice@sidley.com

- **Daniel Scott Carlton**
  scottcarlton@paulhastings.com,teresarodriguez@paulhastings.com

- **Meredith J Laval**
  mlaval@sidley.com,efilingnotice@sidley.com,jplatt@sidley.com

- **Eric I. Niehaus**
  ericn@rgrdlaw.com,kirstenb@rgrdlaw.com

- **Brian O. O'Mara**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David C OMara**
  david@omaralaw.net,val@omaralaw.net,adrian@omaralaw.net

- **Seth Ottensoser**
  ottensoser@bernlieb.com

- **Oliver J Pancheri**
  OPancheri@nevadafirm.com,rjenkins@nevadafirm.com

- **Steven Pepich**
  kirstenb@rgrdlaw.coom,cstewart@rgrdlaw.com

- **Tamara Beatty Peterson**
  TPeterson@bhfs.com,eparcells@bhfs.com

- **Courtney A. Rosen**
  crosen@sidley.com,efilingnotice@sidley.com

- **Nicholas J Santoro**
  nsantoro@nevadafirm.com,usdcecf@nevadafirm.com,bcibura@nevadafirm.com

- **Christopher D. Stewart**
  cstewart@rgrdlaw.com

- **William F Sullivan**
  williamsullivan@paulhastings.com,lisavermeulen@paulhastings.com,scottcarlton@paulhastings.com

- **Mark D Wray**
  mwray@markwraylaw.com,tmoore@markwraylaw.com,swray@markwraylaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)