MORRIS LAW GROUP
Steve Morris, Bar No. 1543
Email: sm@morrislawgroup.com
Akke Levin, Bar No. 9102
Email: al@morrislawgroup.com
Raleigh C. Thompson, Bar No. 11296
Email: rct@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 474-9400
Facsimile: (702) 474-9422

Walter C. Carlson (*Admitted Pro Hac Vice*)
Email: wcarlson@sidley.com
Courtney A. Rosen (*Admitted Pro Hac Vice*)
Email: crosen@sidley.com
Meredith J. Laval (*Admitted Pro Hac Vice*)
Email: mlaval@sidley.com
SIDLEY AUSTIN LLP
1 South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7734
Facsimile: (312) 853-7036
*See Signature Block for Additional Counsel

*Attorneys for Defendants
Las Vegas Sands Corp. and Sheldon G. Adelson*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| FRANK J. FOSBRE, JR., Individually and On Behalf of All Others similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS SANDS CORP., et al.,<br><br>Defendants. | Case No. 2:10-cv-00765-KJD-GWF<br><br>**CLASS ACTION**<br><br>**MOTION TO ENFORCE THE PSLRA'S MANDATORY STAY OF DISCOVERY PENDING ADJUDICATION OF DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT** |

| | |
|---|---|
| SHIRLEY and WENDELL COMBS, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LAS VEGAS SANDS CORP., et al.,<br><br>Defendants. | ) Consolidated with:<br>) Case No. 2:10-cv-00120-KJD-GWF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Defendants Las Vegas Sands Corp. ("LVS" or the "Company") and Sheldon G. Adelson (together, the "LVS Defendants"), and William P. Weidner (collectively, "defendants") move the Court for an order enforcing the Private Securities Litigation Reform Act's ("PSLRA") mandatory stay of discovery pending adjudication of the defendants' motions to dismiss the Second Amended Complaint (the "Second Amended Complaint" or "SAC") with prejudice for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6) and the PSLRA. This motion is based on the following points and authorities.

MORRIS LAW GROUP

By /s/ Raleigh C. Thompson
Steve Morris, Bar No. 1543
Akke Levin, Bar No. 9102
Raleigh C. Thompson, Bar No. 11296
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101

2

Walter C. Carlson (*Pro Hac Vice*)
Courtney A. Rosen (*Pro Hac Vice*)
Meredith J. Laval (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
1 South Dearborn
Chicago, IL 60603

*Attorneys for Defendants Las Vegas Sands Corp. and Sheldon G. Adelson*

BROWNSTEIN HYATT FARBER
SCHRECK, LLP

By /s/ Tamara Beatty Peterson
Tamara Beatty Peterson, Bar No. 5218
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: (702) 464-7046
Email: tpeterson@bhfs.com

William F. Sullivan (*Admitted Pro Hac Vice*)
D. Scott Carlton (*Admitted Pro Hac Vice*)
PAUL HASTINGS LLP
515 South Flower St., Twenty-Fifth Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Email: williamsullivan@paulhastings.com
Email: scottcarlton@paulhastings.com

*Attorneys for Defendant William P. Weidner*

**POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

On September 25, 2012, the Court granted the defendants' motion for an extension of time within which to move to dismiss the Second Amended Complaint. In the Second Amended Complaint, plaintiffs attempt to replead allegations that the Court previously dismissed and amend other allegations as to which the Court previously

expressed serious reservations. *See* August 24, 2011 Order (#55) at 4, 7, 8.[1] Plaintiffs' new Second Amended Complaint fails to state any claim and the Defendants moved to dismiss the Second Amended Complaint in its entirety on October 15, 2012.[2]

The PSLRA mandates that "*all* discovery ... shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (2010) (emphasis added). Courts apply this unambiguous language to stay *all* discovery with respect to *any* issue or *any* party during the pendency of *any* motion to dismiss, including successive motions. *See, e.g., In re Finisar Corp. Derivative Litig.*, No. C-06-07660 RMW, 2012 WL 609835, at *3 (N.D. Cal. Feb. 24, 2012) (motion to lift PSLRA stay denied pending resolution of motion to dismiss second amended complaint); *McGuire v. Dendreon Corp.*, No. C-07-800-MJP, 2009 WL 666863, at *1 (W.D.

---

[1] Specifically, the Second Amended Complaint seeks to expand the class period by approximately six months, repleads many statements previously dismissed by this Court, seeks to challenge many new statements that were not part of the Amended Complaint, and alters many of the previously sustained allegations by referring to approximately 60 documents produced by the Company and third parties in discovery. The Second Amended Complaint contains 442 paragraphs, 242 of which contain new allegations.

[2] The LVS Defendants and Mr. Weidner separately moved to dismiss the Second Amended Complaint on October 15, 2012. Collectively, defendants moved to dismiss based on several grounds. First, despite the Court's reasoned dismissal in two orders of many statements as inactionable because they were forward-looking statements protected by the PSRLA's safe harbor or inactionable optimism, plaintiffs again include those allegations in the Second Amended Complaint. Plaintiffs also challenge new forward-looking statements that are similar to the ones previously dismissed by this Court, and new statements that contain nearly identical language to those which this Court has previously dismissed as inactionable optimism. Plaintiffs also incorporate approximately 60 documents into the new complaint, which contradict and show that there is no factual basis for their claims. The remaining statements must be dismissed because plaintiffs have not pled falsity or scienter.

4

Wash. Mar. 11, 2009) (enforcing the PSLRA stay during the pendency of a motion to dismiss a second amended complaint); *In re S. Pac. Funding Corp. Sec. Litig.*, 83 F. Supp. 2d 1172, 1175 n.1 (D. Or. 1999) (PSLRA discovery stay during pendency of motion to dismiss a fourth amended complaint).[3] Therefore, because there are pending motions to dismiss, and there is no need to "preserve evidence" nor the existence of "undue prejudice," all discovery is automatically stayed under the PSLRA.

On October 8, 2012, the parties met and conferred, during which the LVS Defendants informed plaintiffs that defendants would be moving to dismiss the entire Second Amended Complaint and that the PSLRA mandates a stay of discovery pending the Court's decision on that motion. *See* Ex. A, Declaration of Meredith J. Laval ("Laval Decl.") ¶¶ 3, 4.[4] Nevertheless, plaintiffs stated that discovery should proceed, *see id.* ¶ 5, which necessitates this motion. Accordingly, pursuant to the PSLRA's unambiguous statutory language and case law, the defendants move the Court to enforce the PSLRA's stay of discovery pending adjudication of the defendants' motions to dismiss the Second Amended Complaint.

## II. ARGUMENT

### A. The PSLRA Requires That All Discovery be Stayed Pending the Court's Decision on the Defendants' Motion to Dismiss.

The meanings of the phrases "*all* discovery" and "*any* motion to dismiss" are well-settled in the Ninth Circuit. Indeed, numerous courts

---

[3] *See also Medhekar v. U.S. Dist. Court for the N. Dist. of California*, 99 F.3d 325, 328-29 (9th Cir. 1996) (initial disclosures stayed pending motion to dismiss); *Sedona Corp. v. Ladenburg Thalmann*, No. 03-3120, 2005 WL 2647945, at *4 (S.D.N.Y. Oct. 14, 2005) (discovery stay also applies to those defendants who did not file motion to dismiss).

[4] It is well-settled that the PSLRA discovery stay applies where a motion to dismiss has not yet been filed but is to be filed. *See In re JDS Uniphase Corp. Sec. Litig.*, 238 F. Supp. 2d 1127, 1133 (N.D. Cal. 2002) (enforcing stay under PSLRA although a motion to dismiss was not pending, because the time to respond to the complaint had not yet elapsed).

5

have held that those phrases mean what they plainly state: that *all* discovery of any kind, and against any party, shall be stayed during the pendency of *any* motion to dismiss, including motions to dismiss with respect to only certain defendants, and second, third, or further successive motions to dismiss. *See, e.g., In re Finisar Corp. Deriv. Litig.*, 2012 WL 609835, at *3 (motion to lift stay denied pending resolution of motion to dismiss second amended complaint); *McGuire*, 2009 WL 666863, at *1 (extending the PSLRA stay during the pendency of a motion to dismiss a second amended complaint); *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp. 2d 1005, 1009 (C.D. Cal. 2003), *aff'd sub nom. Mortensen v. Snavely*, 145 F. App'x 218 (9th Cir. 2005) ("automatic" discovery stay reinstated when motion to dismiss third amended complaint was filed); *In re S. Pac. Funding Corp. Sec. Litig.*, 83 F. Supp. 2d at 1175 n.1 (staying discovery during pendency of court's consideration of a motion to dismiss a fourth amended complaint).

*McGuire* is illustrative of the straightforward analysis that applies here. In *McGuire*, plaintiffs filed a first amended class action complaint under the Securities Exchange Act of 1934, to which defendant's motion to dismiss was granted in part and denied in part. When plaintiffs filed a second amended complaint, defendant moved to dismiss this as well, and also moved for the PSLRA discovery stay to be enforced until the court decided the second motion to dismiss. In extending the stay of discovery, the Court held emphatically that "[t]he PSLRA clearly requires that discovery shall be stayed when *any* motion to dismiss is pending." 2009 WL 666863, at *1 (emphasis in original).[5]

---

[5] That some discovery had taken place with respect to certain allegations in the Amended Complaint is of no moment, as courts apply the mandatory stay regardless of whether discovery had previously commenced. *See, e.g., In re Smith Barney Transfer Agent Litig.*, No. 05 CIV. 7583 WHP, 2012 WL

6

Courts in other circuits agree, and have found the plain language of the statute to act as a bright line rule in similar circumstances. The court in *Sedona Corp.*, 2005 WL 2647945, at *3, also faced with a second round of motions to dismiss, stayed ongoing discovery, stating that:

> [T]here is no ambiguity in the plain language of the PSLRA's stay provision; the automatic stay applies while "any motion to dismiss" is pending . . . Thus, the stay would apply where there is a pending motion to dismiss brought by either one or all of the defendants, and regardless of whether the motion is brought initially to dismiss a complaint, or subsequently, in response to an amended complaint.

The court in *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d at 1263-64, similarly relied on the plain language of the statute in holding that the stay remains in place so long as any motion to dismiss is pending. *See also Selbst v. McDonald's Corp.*, No. 04-2422, 2006 WL 566450, at *1-3 (N.D. Ill. Mar. 1, 2006) (enforcing stay during pendency of second motion to dismiss). Because the statute's language is unambiguous, "the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).[6]

---

1438241, at *1 (S.D.N.Y. Apr. 25, 2012) (enforcing stay after a period of discovery); *Sedona Corp. v. Ladenburg Thalmann*, No. 03 CIV. 3120 LTSTHK, 2005 WL 2647945, at *1 (S.D.N.Y. Oct. 14, 2005); *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1262 (N.D. Okla. 2001). Costly discovery would be entirely unnecessary if the Court grants the defendants' motions to dismiss. And plaintiffs are not permitted to "utilize[e] discovery to formulate a claim." *Sedona*, 2005 WL 2647945, at *3.

[6] *See also In re Finisar Corp. Derivative Litig.*, 2012 WL 609835, at *2 ("The court finds that the plain language of the [statute] requires a stay."); *Swartz v. Deutsche Bank AG*, No. C03-1252-MJP, 2008 WL 534535, at *2 (W.D. Wash. Feb. 26, 2008) ("Absent such a showing [of 'additional circumstances showing undue prejudice in this case'], under the plain language of the Act,

7

Here, the defendants moved on October 15, 2012 to dismiss the Second Amended Complaint in its *entirety*, and the PSLRA stay is plainly in force. *See In re Smith Barney Transfer Agent Litig.*, 2012 WL 1438241, at *1-3 (denying application to lift stay during pendency of the court's consideration of a motion to dismiss a fourth amended complaint even though certain of plaintiffs' claims had survived an earlier motion to dismiss); *McGuire*, 2009 WL 666863, at *1 (discovery stay extended pending motion to dismiss second amended complaint after motion to dismiss first amended complaint was denied in part); *Powers v. Eichen*, 961 F. Supp. 233, 236 (S.D. Cal. 1997) (discovery stayed pending motion for reconsideration after motion to dismiss was denied in part).

In addition to the clear language of the PSLRA, enforcing the discovery stay in this case comports with the congressional intent underlying the PSLRA. According to the PSLRA's legislative history, the purpose of the stay is: (1) to prevent the unnecessary imposition of discovery costs on defendants until a court has reviewed the sufficiency of the allegations; and (2) to ensure that class action complaints stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed. *See In re MGM Mirage Sec. Litig.*, 2012 WL 2367567, at *1 (D. Nev. June 21, 2012) (citing *SG Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 911-12 (9th Cir. 1999)); *see also In re Metro. Sec. Litig.*, No. CV-04-25-FVS, 2005 WL 940898, at *2 (E.D. Wash. Mar. 31, 2005). Although this Court previously found certain of plaintiffs' allegations adequate to state a claim, the Second Amended Complaint has substantially altered those allegations and expressly

---

the fact that there are pending motions to dismiss in this case necessitates a discovery stay until those motions are resolved.").

8

incorporated documents which show that the SAC fails to state a claim. Far from supporting their claims, plaintiffs' inclusion of documents contradict those claims and show that the claims must be dismissed. It would defy the purposes of the PSLRA to allow plaintiffs' to continue with far-ranging, costly, and highly burdensome discovery before the Court has had the opportunity to evaluate what has now become a facially and fatally deficient complaint.[7]

### B. The PSLRA'S Narrow Exceptions to the Mandatory Stay of Discovery "to Preserve Evidence or to Prevent Undue Prejudice Do Not Apply Here.

The PSLRA is equally unambiguous that, pending any motion to dismiss, discovery may only proceed in narrow circumstances where "*particularized* discovery is *necessary* to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (2010) (emphasis added). This is not the situation here. There is no "particularized" discovery that is "necessary to preserve evidence or to prevent undue prejudice," and plaintiffs identified none during the parties' meet and confer on this matter. *See* Ex. A, Laval Decl. ¶ 5. Further, under applicable case law, the standards of "preserv[ing] evidence" or "prevent[ing] undue prejudice" are stringent ones that plaintiffs cannot meet.

To demonstrate that discovery is "necessary to preserve evidence," a plaintiff must show that the loss of evidence is imminent, not

---

[7] *See, e.g., MGM Mirage*, 2012 WL 2367567, at *2 (purpose of the PSLRA discovery stay is to "protect[] defendants from (i) being coerced into a premature settlement of a frivolous claim to avoid the costs and burdens imposed by discovery; and (ii) a fishing expedition designed to find actionable conduct not pled in the complaint") (internal citations omitted); 141 Cong.Rec. H13691, H13700 (daily ed. Nov. 28, 1995) (purpose of stay provision to minimize costs for defendants during pendency of motion to dismiss) (*cited in Medhekar*, 99 F.3d at 327).

merely speculative. *See Sarantakis v. Gruttadauria,* No. 02-cv-1609, 2002 WL 1803750, at *2 (N.D. Ill. Aug. 5, 2002); *see also In re JDS Uniphase Corp. Sec. Litig.,* 238 F. Supp. 2d 1127, 1133 (N.D. Cal. 2002) (finding exception lacking where "there is not a hint of a suggestion in the plaintiff's papers that there is an urgent need to preserve evidence"); *SG Cowen Sec. Corp.,* 189 F.3d at 912; *Powers,* 961 F. Supp. at 236; *Med. Imaging Centers of Am., Inc. v. Lichtenstein,* 917 F. Supp. 717, 720 (S.D. Cal. 1996). Here, plaintiffs have not and cannot suggest the imminent loss of evidence, especially since the defendants have taken the necessary steps to preserve documents and information within their possession, custody, or control that is likely to be relevant to plaintiffs' claims. *See, e.g., In re Asyst Techs., Inc. Derivative Litig.,* No. C-06-04669 EDL, 2008 WL 916883, at *1 (N.D. Cal. Apr. 3, 2008) (finding no unusual or imminent risk of loss of evidence where defendants had imposed a litigation hold).

    Moreover, plaintiffs face no risk of undue prejudice. Plaintiffs' only articulated "prejudice," that a stay could make it difficult to complete fact discovery prior to the deadline set for over seven months from now, *see* Ex. A, Laval Decl. ¶ 5, is not "undue." It is well established that the delay attendant to the Court's deciding the motion to dismiss is not undue prejudice. Indeed, as the District Court of the Northern District of California held in *In re Finisar Corp. Derivative Litig.,* "[t]he delay of several months and the expense to [plaintiffs]… is not undue prejudice within the meaning of § 78u4(b)(3)(B)," as such a delay "'is inherent in every PSLRA-mandated discovery stay.'" 2012 WL 609835, at *3 (quoting *Kuriakose v. Federal Home Loan Mortg. Co.,* 674 F. Supp. 2d 483, 489 (S.D.N.Y.2009)). Moreover, such "prejudice" is easily rectified. There are still over seven months remaining before the May 31, 2013 close of fact discovery, and that date has never been extended. Although defendants do not believe the

Second Amended Complaint states any claim, in the event the Court determines that any alleged false statements survive the defendants' motions to dismiss, the Court can then set a discovery schedule consistent with what remains in the case.

### III. CONCLUSION

For these reasons, defendants respectfully request that the Court enforce the mandatory PSLRA stay in this case pending adjudication of defendants' motions to dismiss the Second Amended Complaint.

MORRIS LAW GROUP

By /s/ Raleigh C. Thompson
　　Steve Morris, Bar No. 1543
　　Akke Levin, Bar No. 9102
　　Raleigh C. Thompson, Bar No. 11296
　　900 Bank of America Plaza
　　300 South Fourth Street
　　Las Vegas, NV 89101

Walter C. Carlson (*Pro Hac Vice*)
Courtney A. Rosen (*Pro Hac Vice*)
Meredith J. Laval (*Pro Hac Vice*)
SIDLEY AUSTIN LLP
1 South Dearborn
Chicago, IL  60603

*Attorneys for Defendants*
*Las Vegas Sands Corp. and Sheldon G. Adelson*

BROWNSTEIN HYATT FARBER SCHRECK, LLP


By   /s/ Tamara Beatty Peterson
    Tamara Beatty Peterson, Bar No. 5218
    100 North City Parkway, Suite 1600
    Las Vegas, NV 89106-4614
    Telephone: (702) 464-7046
    Email: tpeterson@bhfs.com

William F. Sullivan (*Admitted Pro Hac Vice*)
D. Scott Carlton (*Admitted Pro Hac Vice*)
PAUL HASTINGS LLP
515 South Flower St., Twenty-Fifth Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Email: williamsullivan@paulhastings.com
Email: scottcarlton@paulhastings.com

*Attorneys for Defendant William P. Weidner*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS LAW GROUP, and that the following documents were served via electronic service: **MOTION TO ENFORCE THE PSLRA'S MANDATORY STAY OF DISCOVERY PENDING ADJUDICATION OF DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT**

TO:

Spencer A. Burkholz
Steven Pepich
Christopher D. Stewart
Robbins Geller Rudman & Dowd LLP
655 W. Broadway, Suite 1900
San Diego, CA  92101
Email:  spenceb@rgrdlaw.com
Email:  spepich@rgrdlaw.com
Email:  cstewart@rgrdlaw.com

David C. O'Mara
The O'Mara Law Firm, P.C.
311 E. Liberty Street
Reno, NV  89501
Email:  david@omaralaw.net

*Attorneys for Frank Fosbre*

Seth Ottensoser
Bernstein Liebhard LLP
10 East 40th Street
New York, NY  10016
Email: ottensoser@bernlieb.com

*Attorneys for Defendant
Shirley Combs*

Eric I. Niehaus
Brian O. O'Mara
Robbins Geller Rudman & Dowd LLP
655 W. Broadway, Suite 1900
San Diego, CA  92101
Email:  ericn@rgrdlaw.com
Email:  bomara@rgrdlaw.com

*Attorneys for Pension and
Pension and Retirement Group*

Mark D. Wray
Law offices of Mark Wray
608 Lander Street
Reno, NV  89509
Email: mwray@markwrayaw.com

*Attorneys for Alvaro Elizondo*

1  Tamara Beatty Peterson
   Brownstein Hyatt Farber Schreck, LLP
2  100 North City Parkway, Suite 1600
   Las Vegas, NV  89106-4614
3  Email:  TPeterson@bhfs.com

4  William F. Sullivan
   Daniel Scott Carlton
5  Paul Hastings Janofsky & Walker
   3579 Valley Center Drive
6  San Diego, CA  92130
7  Email:
   williamsullivan@paulhastings.com
8  Email:  scottcarlton@paulhastings.com

9  *Attorneys for Defendant
   William P. Weidner*
10
11       DATED this ____16th____ day October, 2012.
12
13                         By_____Patty Cannon_____
14

MORRIS LAW GROUP
900 BANK OF AMERICA PLAZA · 300 SOUTH FOURTH STREET · LAS VEGAS, NEVADA 89101
702/474-9400 · FAX 702/474-9422

14