# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK J. FOSBRE, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS SANDS CORP., *et al.,*<br><br>Defendants. | Case No. 2:10-cv-00765-KJD-GWF<br>**Consolidated with:**<br>Case No.: 2:10-cv-01210-KJD-GWF<br><br>**ORDER** |

This matter is before the Court on Defendants' Motion to Enforce the PSLRA's Mandatory Stay of Discovery (#96), filed on October 16, 2012; Plaintiffs' Opposition to Defendants' Motion (#101), filed on November 2, 2012; and Defendants' Reply Brief in Support of its Motion (#103), filed on November 13, 2012.

## BACKGROUND

Plaintiff Frank J. Fosbre, Jr. filed his original complaint for violations of federal securities law on May 24, 2010. The parties thereafter stipulated to the filing of the Amended Complaint (#28) on November 1, 2010. Defendants filed their Motion to Dismiss the Amended Complaint (#37) on January 10, 2011. On March 11, 2011, the Court approved the parties' stipulation to postpone the filing of a joint discovery plan and scheduling order pending the decision on the motion to dismiss in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(b)(3)(B), which provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." *Order on Stipulation (#48).*

. . .

On August 24, 2011, the District Judge granted, in part, and denied, in part, Defendants' motion to dismiss the Amended Complaint. *Order (#55)*. The Defendants filed a motion for partial reconsideration of that order on September 7, 2011. *Defendants' Motion for Partial Reconsideration (# 58, 59)*. The parties then filed their Joint Report of Fed.R.Civ.P. 26(F) Conference and Discovery Plan Pursuant to Local Rule 26-1 (#63) on October 6, 2011. Pursuant to that stipulation the Court entered a scheduling order on October 12, 2011 which the parties have operated under since that date. *See Scheduling Order (#64)*.

On July 11, 2012, the District Judge granted, in part, and denied, in part, Defendants' Motion for Partial Reconsideration (#58, 59). *Order (#86)*. The Court struck various allegations in the Amended Complaint on the grounds that they failed to state a claim for relief pursuant to the PSLRA's safe-harbor provisions for "forward-looking statements" or because they alleged claims based on inactionable statements of vague optimism. The Court also dismissed all allegations regarding statements made by Defendants in 2007, but gave Plaintiffs leave to amend the complaint to attempt to re-allege claims based on Defendants' 2007 statements.

Plaintiffs filed their Second Amended Complaint (#87) on September 7, 2012. Defendants moved to dismiss the Second Amended Complaint on October 15, 2012. Defendants argue in their motion to dismiss that the Second Amended Complaint does not simply seek to amend the 2007 allegations as authorized by order (#86), but instead "repeats allegations that the Court dismissed, adds new allegations, and fundamentally changes the allegations that the Court allowed to proceed." *Defendants' Motion to Dismiss (#94), pg. 2*. Defendants argue that the Second Amended Complaint "is an entirely new complaint, and one that this Court should now dismiss in its entirety." *Id.* Defendants further argue that the incorporated documents that Plaintiffs rely on to support their allegations actually support Defendants' defenses. *Id.* Plaintiffs argue, however, that the Second Amended Complaint contains detailed factual allegations from over 60 high-level documents from LVS and its outside investment bankers that contradicted Defendants' statements

. . .

. . .

. . .

to investors and support their claims. *Plaintiffs' Opposition to Motion to Dismiss the Second Amended Complaint (#97), pg. 1.*[1]

## DISCUSSION

Defendants argue that by virtue of their motion to dismiss the Second Amended Complaint, the mandatory stay under 15 U.S.C. § 78u-4(b)(3)(B) again applies and discovery should be stayed pending a decision on that motion. Defendants rely on cases which hold that the PSLRA stay applies to any motion to dismiss, including a motion to dismiss an amended complaint. *See In re Finisar Corp. Derivative Litigation*, 2012 WL 609835, *2 (N.D.Cal. 2012) and *McGuire v. Dendreon Corp.*, 2009 WL 666863, *1 (W.D.Wash. 2009) ("The PSLRA clearly requires that discovery shall be stayed when *any* motion to dismiss is pending.") *McGuire* also noted that there is "no Ninth Circuit precedent holding that motions for reconsideration are not subject to the PSLRA stay. In fact, a Southern District of California court did extend the PSLRA stay while a motion for reconsideration was pending. *See Powers v. Eichen*, 961 F.Supp. 233 (S.D.Cal. 1997)."

In *Selbst v. McDonald's Corp.*, 2006 WL 566450,*1 (N.D.Ill 2006), the court, quoting *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945, at *3 (S.D.N.Y. 2005) also stated that "[c]ourts have specifically rejected requests to lift stay where defendants have filed a second motion to dismiss an amended complaint because the stay applies 'regardless of whether the motion is brought initially to dismiss a complaint, or subsequently in response to an amended complaint.'" *See also Band v. The Ginn Companies, LLC*, 2011 WL 807396 (M.D.Fla. 2011) (staying discovery pending the decision on motions to dismiss the third amended complaint).

Plaintiffs argue that the court has the discretion to deny a stay under the PSLRA where it does not further the statutory purpose to protect a defendant against a potentially frivolous lawsuit. *In re Salomon Analyst Litigation*, 373 F.Supp.2d 252, (S.D.N.Y. 2005), the court rejected the argument that the PSLRA stay is automatic and that the court lacks the authority to deny the stay, except upon a showing that particularized discovery is necessary to preserve evidence or to prevent

---

[1] The Second Amended Complaint and Plaintiffs' Opposition to the Motion to Dismiss the Second Amended Complaint have been filed under seal on the ground that they contain confidential information subject to the January 11, 2012 protective order.

3

undue prejudice. The court stated:

> This argument has troubling implications. The purposes of the statutory stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until "after the Court has sustained the legal sufficiency of the complaint." S.Rep.No. 104-98 at 14 (1995), *reprinted in* 1995 U.SC.C.A.N. 679, 693. In a case where the court already *has* sustained the legal sufficiency of the complaint, this purpose has been served. To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse. Some judicial discretion to evaluate the desirability of a renewed stay appears to be necessary.

*Salomon*, 373 F.Supp.2d at 254-55.

Although the court in *Salomon* stated that it has the discretion to deny a stay under the PSLRA, it nonetheless stayed discovery because the motion to dismiss was prompted by an intervening Second Circuit decision which warranted revisiting of the court's previous analysis on the first motion to dismiss. *Id.* 373 F.Supp.2d at 256.

Some courts have held that 15 U.S.C. § 78u-4(b)(3)(B) is ambiguous and have construed it as not requiring a stay when the complaint has been upheld as to some defendants, but not as to other defendants whose motions to dismiss are still pending. *Latham v. Stein*, 2010 WL 329477, *2 (D.S.C. 2010), citing *In re Global Crossings, LTD Securities Litigation*, 322 F.Supp.2d 319, 353 (S.D.N.Y. 2004) and *In re Lernout & Hauspie Securities Litigation*, 214 F.Supp.2d 100, 105 (D.Mass. 2002). Other courts, however, have rejected the assertion that the statute is ambiguous. The court in *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945, at *3 stated that "there is no ambiguity in the plain language of the PSLRA's stay provision; the automatic stay applies while 'any motion to dismiss' is pending, just as the statute permits 'any' party to seek particularized discovery upon a showing of need." The court cited cases from several districts in support of this statement. *Id.* In *CFS-Related Securities Fraud Litigation*, 179 F.Supp.2d 1260, 1263-64 (N.D.Okla. 2001), the court stated that a construction of the statute that would allow discovery to proceed as to non-moving defendants would be unfair to the defendants who have filed motions to dismiss because they may, as a practical matter, be required to monitor or participate in the discovery regarding the non-moving defendants before the sufficiency of the complaint against them has been determined. The court also stated that such piecemeal discovery is inefficient.

Although there are legitimate arguments that a PSLRA stay should not "automatically" be granted in all instances, this Court agrees with those decisions which hold that 15 U.S.C. §78u-4(b)(3)(B) is unambiguous and requires that discovery be stayed when *any* motion to dismiss is pending, subject to permitting particularized discovery that is necessary to preserve evidence or to prevent undue prejudice to a party.

Plaintiffs also argue that the Defendants waived the PSLRA stay by stipulating to the discovery plan and scheduling order and participating in discovery following the Court's initial order on the motion to dismiss the Amended Complaint.  The court in *Band v. The Ginn Companies, LLC*, 2011 WL 07396, at *3, rejected a similar argument as "unsupported."  Although the parties engaged in discovery while the Defendants' motion for reconsideration was pending and then after it was decided,  Defendants contend that the Second Amended Complaint goes beyond what the Court authorized in its order partially granting the motion for reconsideration and, instead, repeats allegations that the Court dismissed, adds new allegations, and fundamentally changes the allegations that the Court allowed to proceed.  Based on these assertions, and the broad provisions of § 78u-4(b)(3)(B), it is proper to impose the stay of discovery pending the decision on the motion to dismiss the Second Amended Complaint, notwithstanding that the parties engaged in discovery prior to its filing.

Finally, Plaintiffs argue that the Court should permit discovery to proceed in order to preserve evidence and to prevent unfair prejudice.  In support of their argument, Plaintiffs cite a recent sanction order against Las Vegas Sands Corporation in a Clark County, Nevada District Court action, Jacobs v. Las Vegas Sands Corp. et.al., Case No. 10 A 627691.  *Plaintiffs' Opposition (#101), Exhibit B.*  A review of that order indicates that Las Vegas Sands was sanctioned for failing to produce relevant documents in its possession, custody and control.  There is no indication in the order that Las Vegas Sands destroyed relevant documents or data.   The order in Jacobs therefore does not provide grounds for this court to authorize discovery in order to preserve evidence that may otherwise be destroyed.

Plaintiffs have also not demonstrated that a stay of discovery will be unfairly prejudicial to them.  As the court in *Band v. Ginn Companies, LLC*, 2011 WL 807396, at *2, states "any

5

prejudice caused by the delay inherent in the statutorily imposed discovery stay 'cannot be 'undue' prejudice because it is prejudice which has been mandated by Congress after a balancing of the various policy interests at stake in securities litigation, including a plaintiff's need to collect and preserve evidence.' *In re CFS-Related Securities Fraud Litigation*, 179 F.Supp.2d at 1265." Here, the prejudice to Plaintiffs is the interruption in the discovery process that results from the filing of the Second Amended Complaint and the motion to dismiss in response thereto. This type of prejudice does not justify lifting the PSLRA stay. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Enforce the PSLRA's Mandatory Stay of Discovery (#96) is **granted**. All discovery in this action is stayed pending the District Court's decision on Defendants' Motion to Dismiss Second Amended Complaint (#94).

DATED this 20th day of November, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge