UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK J. FOSBRE, JR., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS SANDS CORPORATION, SHELDON G. ADELSON, and WILLIAM P. WEIDNER,<br><br>Defendants. | Case No. 2:10-CV-00765-APG-GWF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**<br><br>(ECF Nos. 231, 241) |

Defendants Sheldon G. Adelson and Las Vegas Sands Corporation move to seal portions of the plaintiffs' summary judgment motion, exhibits attached to that motion, and exhibits attached to the defendants' reply brief. ECF Nos. 231, 241. The plaintiffs oppose, arguing the information should be publicly accessible.

Generally, there is a presumption that the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). Among the compelling reasons which may justify sealing are when court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

////

**A. Plaintiffs' Opposition and Exhibits**

*1. Internal Bank Lending Analyses*

The following documents shall remain sealed because the defendants provide compelling reasons to seal them. These documents contain confidential information about non-parties Goldman Sachs and Citi's internal analyses about whether to participate in financing a credit facility. Disclosure would reveal how Goldman and Citi evaluate such transactions, what factors they consider, and their strategies. Additionally, the documents reveal Goldman and Citi's evaluations of their relationship with LVS. Even though the documents are many years old, revealing this information to competitors could harm Goldman and Citi and may impact their current business relationships. Additionally, the public does not need access to the details of Goldman's or Citi's internal analyses to understand the parties' arguments or evidence at summary judgment in this case. The following documents therefore shall remain sealed:

- **Plaintiffs' exhibit 247** (ECF No. 224-25 at 1-21);
- **Plaintiffs' exhibit 590** (ECF No. 224-71 at 1-25); and
- **Plaintiffs' exhibit 604** (ECF No. 224-72 at 14-34).

*2. LVS Forecasting Models*

The following documents shall be unsealed, with the plaintiffs providing publicly accessible redacted versions where these documents contain confidential and proprietary information in the form of LVS's internal forecasting models. The financial information contained within the documents is stale but the documents reveal how LVS internally forecasts and models its business. Revelation of this proprietary information may harm LVS and the public does not need access to the details of these internal financial models to understand the parties' arguments or evidence at summary judgment in this case. However, the emails attached to the models contain no confidential information. Accordingly, the plaintiffs shall provide publicly accessible redacted versions of the following documents by disclosing the emails but redacting the financial models:

- **Plaintiffs' exhibit 131B** (ECF No. 224-7 at 1-11 & ECF No. 224-8 at 1-6);

1     - **Plaintiffs' exhibit 138** (ECF No. 224-13 at 3-9);

2     - **Plaintiffs' exhibit 254** (ECF No. 224-26 at 1-3);

3     - **Plaintiffs' exhibit 255** (ECF No. 224-26 at 4-10);

4     - **Plaintiffs' exhibit 269** (ECF No. 224-26 at 22-55);

5     - **Plaintiffs' exhibit 285** (ECF No. 224-27 at 12-20);

6     - **Plaintiffs' exhibit 295** (ECF Nos. 224-29 to 224-34);

7     - **Plaintiffs' exhibit 296** (ECF Nos. 224-35, 224-36) (the memo shall be unsealed);

8     - **Plaintiffs' exhibit 298** (ECF Nos. 224-37, 224-38);

9     - **Plaintiffs' exhibit 301** (ECF Nos. 224-40, 224-41, 224-42);

10     - **Plaintiffs' exhibit 490** (ECF No. 224-67 at 1-3);

11     - **Plaintiffs' exhibit 528** (ECF Nos. 224-68, 224-69);

12     - **Plaintiffs' exhibit 579** (ECF No. 224-70 at 8-18);

13     - **Plaintiffs' exhibit 606** (ECF No. 224-72 at 37-40);

14     - **Plaintiffs' exhibit 645** (ECF No. 224-77 at 34-43); and

15     - **Plaintiffs' exhibit 646** (ECF No. 224-77 at 45-53).

*3. Financing Presentations*

The following documents shall be unsealed, with the plaintiffs providing publicly accessible redacted versions where they reveal information about bank relationships. Information about LVS's relationships with banks may impact current business relationships for both LVS and the banks. However, the financing discussion materials are not confidential or proprietary. They involve stale information related to a specific client for particular financing needs during market conditions that no longer exist. Accordingly, only information about bank relationships shall be redacted as follows:

    - **Plaintiffs' exhibit 154** (ECF No. 224-21 at 1-28): Those pages revealing a listing of banks that participated in prior syndications with LVS (ECF No. 224-21 at 23-24) shall be redacted. The remainder of the document shall be unsealed.

    - **Plaintiffs' exhibit 156** (ECF No. 224-21 at 29-54): Those pages revealing a listing of banks with estimated commitment levels (ECF No. 224-21 at 42) shall be redacted. The remainder of the document shall be unsealed.

    - **Plaintiffs' exhibit 450** (ECF No. 224-66 at 1-28): Those pages revealing a listing of banks that participated in prior syndications (ECF No. 224-66 at 25-26) shall be redacted. The remainder of the document shall be unsealed.

The following documents shall be unsealed in their entirety:

- **Plaintiffs' exhibit 217** (ECF No. 224-23 at 29-39);
- **Plaintiffs' exhibit 219** (ECF No. 224-23 at 43-52);
- **Plaintiffs' exhibit 220** (ECF No. 224-24 at 1-11);
- **Plaintiffs' exhibit 439** (ECF No. 224-65 at 4-13); and
- **Plaintiffs' exhibit 592** (ECF No. 224-71 at 26-39).

    *4. Communications from the Macao Government*

The following documents shall be unsealed, with the plaintiffs providing publicly accessible redacted versions where they contain confidential communications from the Macao government. LVS will not be harmed by public disclosure of its concerns in April 2008 regarding the regulatory atmosphere in Macao at that time. The information is stale and much of the substantive content of those concerns has already been publicly revealed. However, LVS still operates in Macao. Consequently, the public release of communications from the Macao government to LVS may damage LVS's relationship with regulatory authorities there. Accordingly, the plaintiffs shall provide redacted versions as follows:

    - **Plaintiffs' exhibits 418** (ECF No. 224-62 at 47-50), **442** (ECF No. 224-65 at 14-19), **443** (ECF No. 224-65 at 20-24): (1) the first two paragraphs and the first sentence of the third paragraph on the first page of this letter (ECF No. 224-62 at 47); (2) the two sentences in subpart 4 starting with "Thank you" and "I understand" (*id.* at 48); (3) the sentence in subpart 5 that begins with "You made" (*id.* at 49); and (4) the first sentence of the paragraph following subpart 5 that beings with "You say" (*id.*) shall be redacted.

- **Plaintiffs' exhibits 444** (ECF No. 224-65 at 26-29) & **445** (ECF No. 224-65 at 30-36): (1) the first paragraph of the letter (ECF No. 224-65 at 31); (2) the paragraph on page two of the letter beginning with "We were" ending at "from Macao" (*id.* at 32); (3) in the sentence beginning "You have to make either…" on page three of the letter, the rest of the sentence after the word "or" (*id.* at 33) shall be redacted.

- **Plaintiffs' exhibit 447** (ECF No. 224-65 at 34-36):  It is unclear from the context whether the conclusions reached by a committee as referenced in paragraph two of page two of the letter (ECF No. 224-65 at 36) are public information.  The parties shall meet and confer about this paragraph.  If this information was made public, then the entire letter must be released.  If, however, Adelson's understanding about what the committee concluded was based on confidential communications from the Macao government, then that paragraph shall be redacted.

   5. *Fairness Opinion*

   **Plaintiffs' exhibit 588** (ECF No. 224-70 at 26-34) is a fairness opinion prepared by Jefferies & Company, Inc. to evaluate the fairness of a convertible note offering to Adelson in September 2008.  Other than the fact that the report is marked confidential, the defendants do not explain why this document should not be publicly disclosed.  The information is stale, relates to one particular transaction for a specific client under conditions that no longer exist, and there is no discernible current harm that public release would cause.  However, one page (ECF No. 224-70 at 31) reveals Jeffries' analysis of its relationship with LVS.  Information about past relationships may impact current relationships.  Therefore, the section on this page under the heading "Material/Prior Relationships with the Company" shall be redacted.  The remainder of the document shall be unsealed.

   6. *Lehman Brothers Documents*

   The following documents from Lehman Brothers shall be unsealed, with the plaintiffs providing publicly accessible redacted versions because they reveal confidential relationships with banks.  Although some of the documents contain non-party Lehman Brothers' internal analyses about whether to participate in financing a credit facility, Lehman Brothers no longer

exists.  Thus, there can be no competitive harm by releasing these documents.  The defendants contend Lehman was taken over by Barclay's, but they offer no evidence that the documents, dating from 2007 and 2008 from a now-defunct entity, reveal anything about Barclay's proprietary information or would otherwise result in competitive harm to Barclay's. Consequently, only those portions that reveal confidential bank relationships, the disclosure of which could cause competitive harm or damage current business relationships, shall be redacted. Additionally, one document reveals confidential financial information about an individual that has nothing to do with this case.  That information shall also be redacted.

- **Plaintiffs' exhibit 437** (ECF No. 224-63 at 1-20 & ECF No. 224-64 at 1-13) shall be unsealed in its entirety;

- **Plaintiffs' exhibit 438** (ECF No. 224-65 at 1-3): The portion of the email string discussing who LVS believes its "key relationship banks" are (ECF No. 224-65 at 3) shall be redacted.  The remainder of the document shall be unsealed.

- **Plaintiffs' exhibit 507** (ECF No. 224-67 at 4-12) shall be unsealed in its entirety;

- **Plaintiffs' exhibit 599** (ECF No. 224-71 at 52-54): The first and second pages (ECF No. 224-71 at 52-53) shall be redacted where they identify the top three banks for LVS and discuss what other banks will make on the deal.  Additionally, the first sentence of the paragraph at the bottom of the first page (ECF No. 224-71 at 52) about a private account opened by Sheldon Adelson shall be redacted.  That has nothing to do with the issues in this case and would reveal confidential financial information of a private individual.  The remainder of the document shall be unsealed.

*7.  Expert Report*

**Plaintiffs' exhibits 688 & 689** (ECF Nos. 224-86 at 171-300 & 224-87) are the expert and rebuttal reports of Professor Richard Puntillo.  The parties shall meet and confer and prepare redacted versions of these reports consistent with my rulings in this order.  The court has neither the time nor the resources to do a page-by-page review of these reports for confidential information, which span over a hundred pages each.

        *8. LVS Management emails*

The following documents shall be unsealed, with the plaintiffs providing publicly accessible versions. The defendants have not provided compelling reasons to seal these documents dating from the fall of 2008:

- **Plaintiffs' exhibit 342** (ECF No. 224-61 at 1-3); and
- **Plaintiffs' exhibit 343** (ECF No. 224-61 at 4-6).

        *9. The Plaintiffs' Opposition Brief and Supporting Exhibits*

The plaintiffs' opposition brief (ECF No. 238) will be unsealed by the court. The plaintiffs shall file publicly accessible versions of all other exhibits attached to their opposition that are not specifically referenced in this order.

**B. Exhibits to the Defendants' Reply**

    1. The following documents shall remain sealed, with the defendants providing publicly accessible redacted versions:

- **Defendants' supplemental exhibit 117** (ECF No. 238-1): The following shall be redacted as information revealing communications from the Macao government or that may otherwise impact LVS's current relationship with the Macao government: (1) ECF No. 238-1 at 3 lines 12-17 and 20-22; (2) *id.* at 4 line 13 starting with the word "These" through line 15 ending with "right?" The remainder of this document shall be unsealed.

- **Defendants' supplemental exhibit 118** (ECF No. 238-2): The following shall be redacted as revealing the names of key relationship banks: (1) ECF No. 138-2 at 23 line 24. The remainder of this document shall be unsealed.

- **Defendants' supplemental exhibit 124** (ECF No. 238-3): The following shall be redacted as revealing the names of key relationship banks: (1) ECF No. 238-3 at 61 lines 13 and 18-19; (2) *id.* at 68 lines 23-24; and (3) *id.* at 84 lines 16-20. The remainder of this document shall be unsealed.

/ / / /

/ / / /

**C. Conclusion**

IT IS THEREFORE ORDERED that the defendants' motions to seal **(ECF Nos. 231 & 241) are GRANTED in part and DENIED in part** as explained above.

IT IS FURTHER ORDERED that the clerk of court shall unseal ECF No. 223.

IT IS FURTHER ORDERED that **ECF Nos. 224 (and all subparts) and 238 SHALL REMAIN SEALED**.

IT IS FURTHER ORDERED that the plaintiffs and the defendants shall file publicly accessible versions of the exhibits attached to the plaintiffs' opposition and the defendants' reply consistent with my rulings in this order within 30 days of the date of this order.

DATED this 3rd day of January, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE